FENNEMORE CRAIG, P.C.
Louis D. Lopez (No. 021191)
Jason K. Thomas (No. 032884)
2394 E. Camelback Road
Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
Email: llopez@fennemorelaw.com
Email: jthomas@fennemorelaw.com

David B. Rosemberg, P.A. (FL No. 0582239)
(*Motion for Pro Hac Vice Admission to be Filed*)
ROSEMBERG LAW
20200 W. Dixie Hwy., Suite 602
Aventura, Florida 33180
Telephone: 305.602.2008
Facsimile: 305.602.0225
Email: david@rosemberglaw.com

*Attorneys for Luxottica Group S.p.A.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Luxottica Group S.p.A., an Italian corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>MySpecs Ltd., an Arizona corporation; and Shai Rozio, individually,<br><br>  Defendants. | No.<br><br>**COMPLAINT** |

Plaintiff, Luxottica Group S.p.A., through undersigned counsel, files this Complaint against Defendants MySpecs Ltd. and Shai Rozio (collectively, "Defendants"), and alleges:

## **INTRODUCTION**

1. This lawsuit arises from the violation of the intellectual property rights of Luxottica Group by Defendants' ongoing and promotion and sale of sunglasses bearing counterfeits of Luxottica Group's Ray-Ban trademarks (the "Counterfeit Merchandise"). Defendants have been advertising, offering for sale and selling Counterfeit Merchandise

within this Judicial District through the operation of two fully interactive commercial e-commerce stores via the Internet marketplace, eBay. Through this action, Luxottica Group seeks to enjoin Defendants' counterfeiting activities and to protect unknowing consumers from purchasing Counterfeit Merchandise.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves a claim arising under the Lanham Act.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants reside and have their principal place of business in this Judicial District.

## PARTIES

4. Plaintiff, Luxottica Group S.p.A. ("Luxottica Group") is an Italian corporation with its principal place of business in Milan, Italy.

5. Defendant, MySpecs Ltd. ("MySpecs") is a corporation organized and existing under the laws of the State of Arizona with its principal place of business in Scottsdale, Arizona. MySpecs operates two online retail storefronts on eBay using the trade names "MySpecs" and "Sunpero". As alleged herein, MySpecs is directly engaging in the promotion and sale of Counterfeit Merchandise within this Judicial District.

6. Defendant, Shai Rozio ("Rozio") is an individual residing in Scottsdale, Arizona. Rozio is the owner, president, and manager of MySpecs, and the conscious and moving force behind MySpecs' operations.

## FACTUAL ALLEGATIONS

**A. The World-Famous Luxottica Brands and Products**

7. Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world. Luxottica Group's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette, among others.

8. Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

9. Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its various websites, including www.ray-ban.com, throughout the United States, including Arizona.

10. Luxottica Group has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to those detailed in this Complaint.

11. Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban trademarks. As a result, products bearing the Ray-Ban trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Luxottica Group and have acquired strong secondary meaning.

12. Luxottica Group is the owner of the following United States Federal Trademark Registrations (collectively, the "Ray-Ban Trademarks"):

| Registration Number | Trademark | Good and Services |
| --- | --- | --- |
| 650,499 | *Ray-Ban* | For: sunglasses, shooting glasses and ophthalmic lenses in class 9. |
| 1,093,658 | *Ray-Ban* | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| 1,726,955 | *Ray-Ban* | For: cloths for cleaning ophthalmic products, in class 21. |

| | | |
|---|---|---|
| 1,080,886 | RAY-BAN | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles in class 9. |
| 1,320,460 | Ray-Ban (circular seal logo) | For: sunglasses and carrying cases therefor, in class 9. |
| 3,522,603 | Ray-Ban (red box logo) | For: sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses in class 9. |
| 1,511,615 | LUXOTTICA ☆☆ | For: eyeglasses, sunglasses, temples and eyeglass frames in class 9. |
| 2,971,023 | RB (script logo) | For: sunglasses, eyeglasses, eyeglass lenses in class 9. |

13. Luxottica Group has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Trademarks.[1] These registrations are valid and subsisting and the majority are incontestable.

14. The registration of the Ray-Ban Trademarks constitutes *prima facie* evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Trademarks in connection with the goods identified therein and other commercial goods.

15. The registration of the Ray-Ban Trademarks also provides constructive notice to Defendants of Luxottica Group's ownership and exclusive rights in the Ray-Ban Trademarks.

---

[1] All registrations originally held in the name of Luxottica Group's predecessor's owner of the Ray-Ban Trademarks, Bausch and Lomb, were assigned in full to Luxottica Group in 1999.

16. The Ray-Ban Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

17. The Ray-Ban Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**B.  Defendants' Counterfeiting Activities**

18. In February 2021, Luxottica Group discovered that Defendant MySpecs was distributing, offering for sale, and/or selling sunglasses bearing logos and source-identifying indicia that are imitations of one or more of the Ray-Ban Trademarks, through an online storefront on eBay operating under the seller ID: MySpecs.

19. On February 17, 2021, Luxottica Group's investigator visited Defendants' online storefront "MySpecs" and purchased two pair of sunglasses and related accessories bearing counterfeits of one or more of the Ray-Ban Trademarks for $151.85 and $129.85, respectively. Photographs of the sunglasses and accessories purchased on February 17, 2021, are depicted below.





20.     On September 8, 2021, Luxottica Group sent a cease-and-desist letter to Defendants in connection with their sale of Counterfeit Merchandise. The cease-and-desist letter demanded that Defendants immediately cease from advertising and selling Counterfeit Merchandise and submit information to Luxottica Group detailing the source of the Counterfeit Merchandise, among other information. Defendants ignored the cease-and-desist letter.

21.     On September 23, 2021, Luxottica Group's investigator visited Defendants' online storefront "MySpecs" and purchased one pair of sunglasses and related accessories bearing counterfeits of one or more of the Ray-Ban Trademarks for $136.85. Photographs of the sunglasses and accessories purchased on September 23, 2021, are depicted below.



22.     On November 26, 2021, Luxottica Group's investigator visited Defendants' online storefront "MySpecs" and purchased one pair of sunglasses and related accessories bearing counterfeits of one or more of the Ray-Ban Trademarks for $127.85. Photographs of the sunglasses and accessories purchased on November 26, 2021, are depicted below.



23. On July 1, 2022, Luxottica Group's investigator visited Defendants' online storefront "Sunpero" and purchased one pair of sunglasses and related accessories bearing counterfeits of one or more of the Ray-Ban Trademarks for $131.95. Photographs of the sunglasses and accessories purchased on July 1, 2022, are depicted below.



24. On August 16, 2022, Luxottica Group's investigator visited Defendants' online storefront "Sunpero" and purchased one pair of sunglasses and related accessories bearing counterfeits of one or more of the Ray-Ban Trademarks for $143.95. Photographs of the sunglasses and accessories purchased on August 16, 2022, are depicted below.



25. On October 21, 2022, Luxottica Group's investigator visited Defendants' online storefront "Sunpero" and purchased one pair of sunglasses and related accessories bearing counterfeits of one or more of the Ray-Ban Trademarks for $219.95. Photographs of the sunglasses and accessories purchased on October 21, 2022, are depicted below.




26. On November 14, 2022, Luxottica Group's investigator visited Defendants' online storefront "Sunpero" and purchased two pair of sunglasses and related accessories bearing counterfeits of one or more of the Ray-Ban Trademarks for $163.95 and $159.95, respectively. Photographs of the sunglasses and accessories purchased on November 14, 2022, are depicted below.



27. Once the products were received, Luxottica Group inspected the items that were purchased from Defendants and determined that the Ray-Ban marks affixed to the products are either incorrect or inconsistent with one or more of the Ray-Ban Trademarks found on similar products and items bearing authentic Ray-Ban Trademarks.

28. Luxottica Group further determined that the items purchased from Defendants bore reproductions of Luxottica Group's Ray-Ban Trademarks were in fact counterfeit products that infringed one or more of the Ray-Ban Trademarks.

29. Defendants have no license, authority or permission from Luxottica Group to use the Luxottica Group's Ray-Ban Trademarks in connection with the advertising, distribution, offering for sale and sale of the Counterfeit Merchandise.

30. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Counterfeit Merchandise offered for sale and sold by Defendants is authentic or authorized products of Luxottica Group.

31. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group.

32. Defendants are well-aware of the extraordinary fame and strength of the Ray-Ban brand, the Ray-Ban Trademarks, and the incalculable goodwill associated therewith.

33. Defendant Rozio was directly involved in approving the purchase and sale of the Counterfeit Merchandise, and therefore he was a direct participant in the infringing activities alleged herein.

34. Defendant Rozio materially participated, contributed to and facilitated the above-described infringement of the Luxottica Group's Ray-Ban Trademarks by having permitted the offering for sale and the sale of Counterfeit Merchandise by MySpecs through (i) his knowledge of the offering for sale and the sale of the Counterfeit Merchandise, (ii) his constructive knowledge of the offering for sale and the sale of the

Counterfeit Merchandise or, alternatively, (iii) his willful blindness to the offering for sale and the sale of the Counterfeit Merchandise.

35. At all relevant times, Defendant Rozio had and continues to have the right and ability to supervise the infringing conduct of MySpecs and has a direct financial interest in the infringing conduct; however, he continued to act with reckless disregard and willful blindness, effectively condoning MySpecs' unlawful activities.

36. Defendants' knowing and deliberate hijacking of Luxottica Group's famous Ray-Ban Trademarks, and sale of Counterfeit Merchandise has caused, and continues to cause, substantial and irreparable harm to Luxottica Group's goodwill and reputation. In addition, the damage caused by Defendants is especially severe because the Counterfeit Merchandise is inferior in quality to products bearing authentic Ray-Ban Trademarks.

37. The harm being caused to Luxottica Group is irreparable and Luxottica does not have an adequate remedy at law. Luxottica Group therefore seeks the entry of an injunction preventing the sale of Counterfeit Merchandise by Defendants.

38. Luxottica Group also seeks damages as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing Luxottica Group's Ray-Ban Trademarks.

## COUNT I
## Trademark Infringement
## (15 U.S.C. § 1114)

39. Luxottica Group repeats and realleges the allegations set forth in Paragraphs 1 through 38 above.

40. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of one or more of the Ray-Ban Trademarks.

41. Defendants have advertised, distributed, offered for sale and sold merchandise bearing counterfeits of one or more of the Ray-Ban Trademarks without Luxottica Group's permission.

42. Defendants' actions are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Counterfeit Merchandise offered for sale and sold by Defendants is authentic or authorized product of Luxottica Group.

43. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group.

44. Defendants directly and willfully infringed Luxottica Group's Trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Luxottica Group S.p.A. respectfully requests that this Court enter judgment in its favor and against Defendants MySpecs Ltd. and Shai Rozio, jointly and severally, as follows:

A. Finding that: Defendants have violated Section 32 of the Lanham Act (15 U.S.C. §§ 1114);

B. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendants, including their agents, employees, and all those persons or entities in active concert or participation with it from:

1. advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear Ray-Ban Trademarks, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Merchandise, and engaging in any other activity constituting an infringement of any of Luxottica Group's rights in the Ray-Ban Trademarks;

2. engaging in any other activity constituting unfair competition with Luxottica Group, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of any trademark, service mark, name, logo, design and/or source designation associated with the Ray-Ban Trademarks.

C.  Requiring Defendants to file with this Court and serve on Luxottica Group within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

D.  Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Luxottica Group, or is related in any way with Luxottica Group and its products;

E.  Awarding Luxottica Group statutory damages for willful trademark infringement in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

F.  Awarding Luxottica Group its costs, investigatory fees, and expenses;

G.  Awarding Luxottica Group pre-judgment interest on any monetary award made part of the judgment against Defendants; and

H.  Awarding Luxottica Group such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Luxottica Group requests a trial by jury in this matter.

DATED this 14th day of July, 2023.

FENNEMORE CRAIG, P.C.

By: /s/ *Jason K. Thomas*
Louis D. Lopez
Jason K. Thomas

-AND-

ROSEMBERG LAW

David B. Rosemberg (*Pro Hac Vice Admission To Be Filed*)

*Counsel for Luxottica Group S.p.A.*

- 12 -