**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luxottica Group SpA,<br><br>          Plaintiff,<br><br>v.<br><br>MySpecs Limited, et al.,<br><br>          Defendants. | No. CV-23-01393-PHX-ROS<br><br>**ORDER** |

Plaintiff Luxottica Group S.p.A. owns a variety of trademarks associated with Ray-Ban eyewear. (Doc. 1, "Compl." at ¶¶ 7–12). Defendant Shai Rozio owns and manages Defendant MySpecs Limited, an online retailer. *Id.* at ¶¶ 5–6. Plaintiff alleges Defendants are selling merchandise using counterfeit trademarks. Defendants seek dismissal of the Complaint. (Doc. 14, "Mot."). But the Complaint contains sufficient allegations to require an answer.

## BACKGROUND

Plaintiff alleges the following facts in the Complaint. Plaintiff manufactures, markets, and sells eyewear under a plethora of brands, including Ray-Ban. Plaintiff also operates more than 7,000 optical and retail stores worldwide. *Id.* at ¶¶ 7–8. Plaintiff holds a variety of registered trademarks associated with the Ray-Ban brand ("Ray-Ban Trademarks") which have become "widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sources from Luxottica Group." *Id*. at 10–17.

In February 2021, Plaintiff discovered Defendants' distribution of sunglasses bearing counterfeits of the Ray-Ban Trademarks. *Id.* at ¶ 18. In February 2021, Plaintiff's investigator purchased two pairs of sunglasses bearing counterfeits of one or more of the Ray-Ban Trademarks from Defendants' "MySpecs" online storefront. *Id.* at ¶ 19. On September 8, 2021, Plaintiff sent Defendants a cease-and-desist letter demanding Defendants cease advertising and selling counterfeit merchandise and submit information to Plaintiff detailing the source of the counterfeit Ray-Ban merchandise. *Id.* at ¶ 20. Defendants did not respond. *Id.* Between September 2021 and November 2022, Plaintiff's investigator purchased seven more pairs of sunglasses from Defendants' online storefronts and determined each of the items bore counterfeit Ray-Ban Trademarks. *Id.* at ¶¶ 21–28. On July 14, 2023, Plaintiff filed the present action seeking damages and an injunction preventing Defendants from selling merchandise containing counterfeit Ray-Ban Trademarks.

## ANALYSIS

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint" has not adequately shown the pleader is entitled to relief. *Id.* at 679. Although federal courts ruling on a motion to dismiss "must take all of the factual allegations in the complaint as true, [they] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's sole cause of action alleges trademark infringement by Defendants under Section 32 of the Lanham Act, 15 U.S.C. § 1114. Compl. at ¶¶ 39–44. Section 32 of the Lanham Act prohibits the "use in commerce" of "any reproduction, counterfeit, copy, or

colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). To successfully bring a trademark infringement claim, a plaintiff must allege "(1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." *Network Automation Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011).

Defendant's Motion to Dismiss presents three arguments. First, the Complaint does not set forth sufficient facts linking Defendant to the sunglasses purchased by Plaintiff's investigator. Second, the Complaint does not adequately identify which trademarks were misused. And third, the Complaint does not contain sufficient facts alleging a likelihood of consumer confusion. All three arguments fail.

Defendants first argue Plaintiff does not sufficiently "tie[] the purchased sunglasses to Defendants except for the conclusory statement that Luxottica Group's investigator visited Defendants' online storefront and purchased sunglasses." Mot. at 3 (internal quotations omitted). Defendants argue Plaintiff must allege additional facts, such as receipts, screenshots, or shipping materials associated with the order to establish the sunglasses were ordered and received from Defendants. *Id.* at 4. That is incorrect. A party may not rely on assertions "so vague or broad so as to fail to provide notice of the allegations." *Transamerica Life Ins. Co. v. Jurin*, No. 14-cv-1881, 2014 WL 3519205 (N.D. Cal. July 16, 2014); *see also Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1131 (N.D. Cal. 2013) ("[N]either Rule 8(a), nor the Supreme Court's decisions in *Twombly* and *Iqbal* require a plaintiff to prove her case the moment she files her complaint."). But a party need not plead every single fact or piece of evidence that underlies its claim at this stage.

Plaintiff has alleged seven separate instances of its investigator purchasing sunglasses from Defendants, including the date of each purchase, the online storefront the purchase was made through, the price paid for each pair of sunglasses, and descriptions

and photographs of the sunglasses and accessories received. Compl. at ¶¶ 19–26. That Plaintiff did not also include photographs of the receipts issued for these purchases does not render these allegations implausible or insufficient to state a claim for relief.

Defendants' second argument is the Complaint does not identify which trademark Defendants allegedly infringed. Mot. at 4. That is, Plaintiff has more than one trademark and Defendants believe the Complaint should have identified each alleged misuse of each trademark. As support for this claim, Defendants misrepresent the effect of *Ketab Corp. v. Mesriani and Assocs., P.C.* on the present case. 734 Fed. App'x 401 (9th Cir. 2018). Defendants claim *Ketab* requires Plaintiff to show how the trademarks on Defendants' products are "incorrect or inconsistent" with the Ray-Ban Trademarks, presumably through a detailed analysis or side-by-side comparison of the Ray-Ban Trademarks and each of the several alleged counterfeit marks on each product. Mot. at 5. Defendants argue Plaintiff, like the *Ketab* plaintiff, "failed to allege with specificity which of its particular alleged marks" the defendants "infringed upon and how." *Ketab*, 734 Fed. App'x. at 406. But Plaintiff has offered far more than the plaintiff in *Ketab*.

In *Ketab*, among several other fatal deficiencies, the plaintiff did not even identify or provide examples or images of an entire category of its own marks it claimed were infringed upon. *Ketab Corp. v. Mesriani & Assocs.*, No. 14-cv-7241, 2015 WL 5050512, at *1 (C.D. Cal. Aug. 26, 2015), *aff'd in part, vacated in part, remanded sub nom. Ketab Corp. v. Mesriani & Assocs., P.C.*, 734 F. App'x 401 (9th Cir. 2018). Here, Plaintiff specifically identifies each of the eight Ray-Ban Trademarks it alleges Defendant has infringed upon, including an image of each mark, its registration number, and a description of the goods the mark is used on. Compl. at ¶ 12. Further, images of the products allegedly received from Defendants display marks bearing facial similarity to the identified Ray-Ban Trademarks. *Id*. at ¶¶ 19–26. Plaintiff's identification of its Ray-Ban Trademarks, along with the specific allegations that each pair of sunglasses and accessories purchased from Defendants bore counterfeits of one or more of the Ray-Ban Trademarks, are sufficient.

Defendants' third and final argument is Plaintiff's allegations of a likelihood of

confusion are "mere legal conclusions" rendering Plaintiff's claim subject to dismissal. Mot. at 5–6. But this argument does not apply when the alleged instances of trademark infringement involve counterfeit marks.

The Ninth Circuit has described a "counterfeit mark" as "a non-genuine mark identical to the registered, genuine mark of another." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 946 (9th Cir. 2011). Allegations involving use of a counterfeit mark are viewed differently than other instances of trademark infringement. That is, courts within the Ninth Circuit normally assess the likelihood of consumer confusion with an eight-factor test. But "it is unnecessary to perform the step-by-step examination" in cases involving counterfeit marks "because counterfeit marks are inherently confusing." *Shalabi*, 352 F. Supp. 2d at 1073. Plaintiff plausibly alleges its investigator purchased nine pairs of sunglasses from Defendants' online storefronts between February 2021 and November 2022 and determined each bore counterfeit Ray-Ban Trademarks. Compl. at ¶¶ 19–27. While these allegations alone would suffice, Plaintiff also alleges Defendants' actions "have caused" and "are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Counterfeit Merchandise offered for sale and sold by Defendants is authentic or authorized products of Luxottica Group." *Id.* at ¶ 30.

Hoping to avoid this conclusion, Defendants offer misplaced authority. According to Defendants, Plaintiff's "conclusory allegations" are like those in *Carter v. Oath Holdings, Inc.*, No. 17-cv-7086, 2018 WL 3067985 (N.D. Cal. June 21, 2018). But in *Carter,* the plaintiff merely alleged the defendant's counterfeit marks misrepresented the "designation of origin" and that the counterfeit marks were "deceptive, confusing," and "likely to cause mistake." *Id.* at *3. Plaintiff has offered far more factual detail than this. As noted above, Plaintiff's Complaint contains images of products bearing what appear to be substantially identical marks to the identified Ray-Ban Trademarks and plausible allegations that the products contain counterfeit (and thus, inherently confusing) marks. Compl. at ¶¶ 12, 19–26. At this stage, these allegations are more than sufficient to allege

a likelihood of consumer confusion.  *See, e.g.*, *Ferrero S.p.A. v. Imex Leader, Inc.*, No. 17-cv-2152, 2018 WL 11346538 (finding similarities in products and packaging based in part on review of images in the complaint were sufficient to plead a likelihood of consumer confusion).

**CONCLUSION**

Plaintiff has adequately alleged its own investigation revealed Defendants engaged in the marketing and sale of products containing counterfeit Ray-Ban trademarks.  These facts are sufficient to state a trademark infringement claim against Defendants at the motion to dismiss stage.

Accordingly,

**IT IS ORDERED** Defendants' Motion to Dismiss (Doc. 14) is **DENIED**.

Dated this 5th day of January, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge